UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ISITRO L SANCHES,

    Petitioner,

v.                                            Case No. 5:21cv8-TKW-HTC

MARK S INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on a filing by Isitro L. Sanches which he titled "Motion for Tolling of Time to File 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by State Prisoner Due to Covid-19 Restrictions." ECF Doc. 1 at 1 (all-uppercase lettering removed). The document was docketed by the clerk as a habeas petition under 28 U.S.C. § 2254, and the matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned finds the petition is not a petition under § 2254 but is instead a motion for extension of the one-year deadline for filing a federal habeas petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Since no habeas petition has been filed, the Court lacks jurisdiction to address his motion, and the undersigned respectfully recommends this case be dismissed without prejudice.

**I.     BACKGROUND**

According to the motion, Sanches is a Florida state prisoner currently incarcerated at Avon Park Correctional Facility, after having been convicted in Bay County, Florida case *State of Florida v. Sanches*, 2017-CF-001493, on two counts of burglary of a dwelling, one count of burglary of a conveyance, and one count of aggravated stalking. *See* ECF Doc. 1 at 2. He appealed his judgment and the First District Court of Appeal affirmed *per curiam* on August 27, 2019, without written opinion. *Sanches v. State*, 279 So. 3d 76 (Fla. Dist. Ct. App. 2019).

Notably, the instant motion does not contain any grounds for habeas relief or argument challenging his conviction or sentence. Instead, it merely explains the challenges Petitioner faces in drafting legal documents because of limited access to "research computers, law books and journals, status and codes, law clerks assistances, copies, indigent supplies," or a chair to sit on or table to write on, due to Covid-19. ECF Doc. 1 at 2. He also alleges his case "will require hundreds of hours to review, research, and to prepare petitions and post conviction motions." ECF Doc. 1 at 3. He therefore asks the Court to extend the one-year deadline under the AEDPA for filing a federal petition.

**II.    ANALYSIS**

The Court is presently without jurisdiction to grant the relief Sanches seeks. "Petitioner must file a habeas corpus petition in this Court before the Court may act upon either his substantive claims or on any claim that he might be entitled

Case No. 5:21cv8-TKW-HTC

to either statutory or equitable tolling of the limitations period. The Court simply does not have jurisdiction to extend the time for filing or give an advisory opinion as to the timeliness of a petition." *See e.g., Sisneros v. Biter*, No. CV 12-0756-PA MLG, 2012 WL 395758, at *1 (C.D. Cal. Feb. 6, 2012) (citing several cases dismissing a similar action for lack of jurisdiction); *see also Jones v. Texas*, No. 3:08-CV-2204-B, 2008 WL 5264874, at *1 (N.D. Tex. Dec. 16, 2008) ("the Court has no authority to extend the one-year period prior to the filing of such a petition. After the filing of such a petition, the Court may statutorily toll the limitations period consistent with the circumstances set forth in § 2244(d)(2) and may equitably toll the limitations period in appropriate circumstances"). The Second Circuit ruled similarly in a § 2255 case: "In short, we hold—as every other court to consider the question thus far has held—that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000).

Also, this is not a case where the Court can simply construe Petitioner's filing as a defective habeas petition. Habeas Rule 2(c) places five specific requirements on federal habeas petitions, including requirements that the petition "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." Rules Governing § 2254 Cases, Rule 2. Habeas Rule 2(d) also requires that § 2254 petitions "substantially follow"

standard forms for such petitions. The filed motion for extension of time does not satisfy any of these requirements.

The Advisory Committee Notes regarding the 2004 amendments to Habeas Rule 2 address the procedure for handling "defective" habeas petitions and states that "the better procedure [is] to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c)" rather than to return an insufficient petition without filing it. However, as noted above, as in the Texas district court case in *Jones*, "the instant motion does not contain even one of the elements of a petition. It makes absolutely no reference to any grounds for relief pursuant to § 2254, provides no facts at all to support any such grounds for relief, and does not state the relief to be sought through a habeas petition. It is merely a request for an extension of time to file a petition pursuant to 28 U.S.C. § 2254. Accordingly, the Court cannot construe the motion for extension of time as a defective § 2254 petition." *Jones*, 2008 WL 5264874, at *2.

Accordingly, the undersigned recommends this action be dismissed for lack of jurisdiction.[1]

---

[1] The undersigned also notes that Petitioner failed to file a motion to proceed *in forma pauperis* or the $5.00 filing fee when he filed the motion. Should Petitioner seek to file a petition under § 2254, Petitioner *must* pay the filing fee or file a motion to proceed *in forma pauperis* at the time he files the petition. Petitioner may obtain all necessary forms from the clerk or this Court's website. Because the undersigned finds the Court lacks jurisdiction over the motion, for purposes of judicial efficiency, the Court will not require Petitioner to cure the defect in failing to pay the fee or seek indigency status on this occasion.

Case No. 5:21cv8-TKW-HTC

## III. CONCLUSION

### A. *Sua Sponte* Dismissal Is Appropriate

Because this action should be denied for lack of jurisdiction, and Sanches does not presently have a valid § 2254 petition before the Court, the undersigned recommends the case be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 case as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing a plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted).

This Report and Recommendation provides Sanches an opportunity to file objections and, thus, affords Sanches both notice and a reasonable opportunity to respond. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely.") (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to

object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

### B. An Evidentiary Hearing Is Not Warranted

Because a petition has not even been filed, an evidentiary hearing is not warranted.

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

Because no petition has been filed and this Court lacks jurisdiction over the motion, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE.

2. That a Certificate of Appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of January, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 5:21cv8-TKW-HTC